UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STARTZ SERVICES, LLC<br>    Plaintiff | )<br>)<br>) | CIVIL ACTION NO. |
| v. | )<br>) | |
| GENERAL MOTORS LLC<br>    Defendant | )<br>)<br>) | |
| | ) | MARCH 10, 2026 |

## COMPLAINT AND REQUEST OF JURY TRIAL

### I. INTRODUCTION

1. This is a suit brought by a buyer who purchased a vehicle with a defect that was not remedied with a reasonable time.  This action make claims against the manufacturer of the vehicle, General Motors LLC, for violation of the Connecticut Lemon Law, Conn. Gen. Stat. §§ 47-179 *et seq.*, the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110 *et seq.*, and for breach of warranty.

### II. PARTIES

2. Plaintiff, Startz Services, LLC is a Connecticut limited liability company with its principal place of business in Cheshire, Connecticut.  Startz Services provides "mobile mechanic" services, offering 24-hour roadside assistance and motor vehicle repairs, specializing in heavy duty trucks and equipment.

3. Defendant General Motors LLC ("GM") is a Delaware limited liability company with a principal place of business in Detroit, Michigan that manufactures motor vehicles for sale in the United States.

## III. JURISDICTION AND VENUE

4. Jurisdiction in this court is proper pursuant to 28 U.S.C. § 1332, as a dispute between completely diverse parties with an amount in controversy in excess of $75,000.

5. This Court has jurisdiction over GM because it distributes its automobiles throughout Connecticut. *See Ford Motor Co. v. Mont Eighth Judicial Dist. Court*, 592 US 351 (2021).

6. Venue in this court is proper because the Plaintiff is a domiciliary of Connecticut and the claims involve a transaction that occurred in Connecticut.

## IV. FACTUAL ALLEGATIONS

7. On or about October 9, 2024, Startz Services purchased a 2023 Chevrolet Silverado Medium Duty (the "Silverado") from Executive Chevrolet for $102,468.75 including taxes, registration, and fees.

8. GM provided a written warranty that the Silverado would be free of defects for a period of 3 years or 36,000 miles, whichever comes first.

9. Shortly afterwards, its principal Ryan Startz observed a front-end howling noise and a sagging driver's door. Mr. Startz brought the Silverado to Executive Chevrolet on October 21, 2024, and February 7, 2025 to address the front-end howling noise, a sagging driver's door, and steering problems. The Silverado was in for repairs for a total of 17 days.

10. Mr. Startz also brought the Silverado to Terryville Chevrolet on May 27, 2025, May 29, 2025, August 2, 2025, and October 3, 2025 to have the front-end howling

2

noise and steering issues addressed. The Silverado was in for repairs for an additional 36 days.

11. At the end of Terryville Chevrolet's most recent repair attempt on November 10, 2025, the Silverado had a mileage of 12,521.

12. Despite these repair attempts, Mr. Startz continues to hear a howling noise from the front end of the Silverado, and he still experiences steering issues.

13. These defects materially impact the value and use of the Silverado.

14. Additionally, the Silverado continues to display significant defects that materially impact its value and use that GM has failed to address despite having been given a reasonable opportunity as follows:

    a. The front suspension and/or steering system appears compromised. The steering wheel does not remain centered while driving straight, indicating a potential alignment or steering component issue.

    b. There is an intermittent electrical problem affecting the body lights, as they function inconsistently.

    c. When making tight turns, a loud banging noise is audible from the body mounts, suggesting that components may be loose or improperly secured.

    d. Each time the vehicle is started, the brake pedal is excessively hard, and overall braking performance is inadequate.

    e. The engine idles roughly.

  f. An axle seal that was replaced by Executive Chevrolet is leaking again, and there is a noticeable gear oil odor, indicating seal failure, creating a risk of contaminating the brake components, which may be contributing to the vehicle's poor braking performance.

15. While the Silverado was out of service for these repair attempts, Startz Services was without a work vehicle needed for its business. GM only offered $40 per day for a rental vehicle, well below the rental cost of any suitable commercial vehicle.

16. On November 25, 2025, Startz Services, through legal counsel, sent a written notice to GM demanding that it repurchase or replace the Silverado in accordance with the Connecticut Lemon Law and pay other compensation related to its breaches of warranty.

## V.  CAUSES OF ACTION

**Count I: Connecticut Lemon Law, Conn. Gen. Stat. §§ 42-179 *et. seq.***

17. Paragraphs 1-16 are herein incorporated.

18. Plaintiff is a "consumer" as that term is used under the Connecticut Lemon Law, as a purchaser of a motor vehicle for purposes other than resale, and the Silverado is a "motor vehicle" which includes passenger and commercial vehicles. Conn. Gen. Stat. § 42-179(a).

19. Plaintiff gave notice of the defects to GM or its agent within the first two years or 24,000 miles of operation.

20. The defects to the Silverado substantially impair its safety, use, and value to the Plaintiff.

4

21. Plaintiff gave reasonable opportunity for repair pursuant to Conn. Gen. Stat. § 42-179(e)(2).

22. GM refused to remedy the defect.

23. GM's failure to remedy the defect constitutes a breach of warranty.

24. Plaintiff seeks remedies available to him pursuant to Conn. Gen. Stat. § 42-179(d), which specifically include:

   a. The full contract price, including but not limited to, charges for undercoating, dealer preparation and transportation and installed options,

   b. All collateral charges, including but not limited to, sales tax, license and registration fees, and similar government charges,

   c. All finance charges incurred by the plaintiff after he first reported the nonconformity to the manufacturer, agent or dealer and during any subsequent period when the vehicle was out of service by reason of repair,

   d. All incidental damages as defined by Conn. Gen. Stat. § 42a-2-715, less a reasonable allowance for the plaintiff's use of the vehicle, and

   e. Costs and reasonable attorney's fees under Conn. Gen. Stat. § 42-180, and 15 U.S.C. § 2310(d)(2).

**Count II: Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. §§ 42a-110 *et. seq.***

25. Paragraphs 1-22 are herein incorporated.

26. A violation of Conn. Gen. Stat. § 42-179 is a *per se* violation of the Connecticut Unfair Trade Practices Act pursuant to Conn. Gen. Stat. § 42-184.

27. GM violated Conn. Gen. Stat. § 42-179 when it refused to repurchase the Silverado as required by that statute when a manufacturer fails to agree to replace or repurchase a new vehicle subject the manufacturer's warranty.

28. Plaintiff suffered an ascertainable loss in the form of the costs paid for the Silverado and lost profits.

29. Plaintiff is entitled to recovery of its losses, punitive damages, and Plaintiff's attorney's fee pursuant to Conn. Gen. Stat. § 42-110g.

30. Plaintiff is also entitled to equitable relief in the form of an order that GM repurchase the Silverado.

**Count III: Breach of written express warranty**

31. Paragraphs 1-27 are herein incorporated.

32. Plaintiff provided GM with a reasonable opportunity to cure the breach of the written warranty, but it has failed or refused to cure the breach of warranty.

33. GM's breach(es) of the written warranty was tortious in nature, in bad faith, were wanton and malicious, outrageous, and were undertaken with bad motive and with a reckless indifference to Plaintiff's interest and the harm that they sustained, entitling Plaintiff to claim common law punitive damages.

34. For GM's breach of the written warranty, Plaintiff is entitled to actual damages, consequential damages, and common law punitive damages.

## VI. DEMAND FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

1. Monetary damages including a full refund of the purchase price pursuant to Conn. Gen. Stat. § 42-179(d).

2. A return of the purchase price of the Silverado pursuant to Conn. Gen. Stat. § 42a-2-711 plus consequential damages pursuant to Conn. Gen. Stat. § 42a-2-715.

3. Compensation for lost profits under CUTPA.

4. Punitive damages under common law, breach of warranty and CUTPA.

5. An order in equity that GM repurchase the Silverado pursuant to Conn. Gen. Stat. § 42-179, Conn. Gen. Stat. § 42-110g(a), and 15 U.S.C. § 2310(d)(1).

6. Attorney's fees and costs pursuant to Conn. Gen. Stat § 42-180, Conn. Gen. Stat § 42-110g(d), and 15 U.S.C. § 2310(d)(2), and

7. Such other relief as this Court deems appropriate.

*Plaintiff requests a trial by jury on all issues so triable*

Respectfully Submitted,

PLAINTIFF,
STARTZ SERVICES, LLC

By: /s/ *Daniel S. Blinn*
Daniel S. Blinn (ct02188)
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408
Fax. (860) 571-7457